## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
## INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| **JAMES E. CARRICO,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **CAUSE NO.  1:07-cv-644-WTL-DML** |
| | ) | |
| **CSX TRANSPORTATION, INC.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### ENTRY ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court on the motion for partial summary judgment filed by

Plaintiff James E. Carrico.  The motion is fully briefed, and the Court, being duly advised,

**DENIES** the motion for the reasons set forth below.  The Plaintiff's request for oral argument

also is denied.

### Summary Judgment Standard

Federal Rule of Civil Procedure 56(c) provides that summary judgment is appropriate if

"the pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and that the moving

party is entitled to a judgment as a matter of law."  In ruling on a motion for summary judgment,

the admissible evidence presented by the non-moving party must be believed and all reasonable

inferences must be drawn in the non-movant's favor.  *Zerante v. DeLuca*, 555 F.3d 582, 584 (7th

Cir. 2009).  However, "[a] party who bears the burden of proof on a particular issue may not rest

on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is

a genuine issue of material fact that requires trial."  *Hemsworth v. Quotesmith.com, Inc.*, 476

F.3d 487, 490 (7th Cir. 2007).

**Factual Background**

The facts viewed in the light most favorable to Defendant CSX Transportation, Inc.

("CSX"), the non-moving party, are as follow.  On August 20, 2006, Carrico, who was employed

by CSX, reported to work as a conductor on a train scheduled to travel from the Avon (Indiana)

Yard to East St. Louis, Illinois.  Carrico and his fellow crew member, A.F. O'Neal, went from

the office to the fuel pad to board their locomotive. When they arrived at the fuel pad, Carrico

had a lantern over his arm and he was pulling a rolling suitcase with a bag of ice on top of it.

O'Neal walked behind Carrico carrying a bag with a shoulder strap.  When they arrived at the

locomotive, Carrico threw his bag and the bag of ice up onto the locomotive and walked up the

steps onto the locomotive. Once on board, Carrico attempted to assist O'Neal with his bag so

that he could board the locomotive.  As Carrico bent over to pick up O'Neal's bag with his right

hand, he placed his left hand on an adjacent walkway safety chain which spanned a gap between

two steel handrails at the front of the locomotive.  When Carrico put weight on the safety chain

as he tried to lift O'Neal's bag, the chain detached at one end, causing Carrico to flip off of the

front of the engine.  Carrico was injured and treated at a local hospital.

The safety chain in question was welded on one end to a handrail and the other end had a

clip on the end so that it could be attached to an eyelet on the opposing handrail.  After Carrico's

fall, several members of CSX Transportation inspected the locomotive in question and

performed an investigation of the incident.  David Dech, who was in charge of the investigation,

determined that at the time of Carrico's fall the chain was clipped to itself to form a loop and the

loop was slipped over the eyelet rather than being clipped onto the eyelet.  Looping a safety

chain over an eyelet rather than clipping it to the eyelet is a violation of CSX's safety rules.

2

**Discussion**

Carrico alleges that his fall and resultant injuries were caused because the improperly

attached chain slipped off the eyelet when he put weight on it.  He brings this case pursuant to a

provision of the Federal Employers' Liability Act ("FELA") that makes a railroad liable for

injury to its employee "resulting in whole or in part from the negligence of the any of the

officers, agents, or employees of such [railroad], or by reason of any defect or insufficiency due

to its negligence, in its cars, engines . . . or other equipment."  45 U.S.C. § 51.  In the instant

motion, Carrico relies on the interplay between FELA and another federal statute, the

Locomotive Inspection Act ("the Act").  Specifically, Carrico correctly notes that a violation of

the Act or the regulations promulgated under it constitutes negligence per se under the FELA.

*See Coffey v. Northeast Ill. Regional Commuter R. Corp.*, 479 F.3d 472, 477 (7th Cir. 2007)

("[A]lthough the Act does not create a right to sue but merely establishes a safety standard, the

failure to comply with that standard is negligence per se under the FELA.").  Carrico then argues

that the improperly attached chain constituted a violation of the Act and therefore he is entitled

to a ruling that CSX was negligent as a matter of law.[1]

Carrico argues that CSX violated the Act's requirement that "[a] railroad carrier may use

or allow to be used a locomotive or tender on its railroad line only when the locomotive or tender

---

[1]In his initial brief, Carrico argues that he is entitled to summary judgment on the issue of
CSX's liability.  In its response, CSX correctly points out that liability entails more than a
finding that CSX was negligent; Carrico must also prove that his injuries were proximately
caused by that negligence, something which he did not mention (or submit evidence regarding)
in his initial brief.  Carrico concedes in his reply brief that CSX's negligence is only one-half of
the liability inquiry.  While Carrico submits evidence regarding causation along with his reply
brief and asks the Court to consider this evidence and grant summary judgment on that issue as
well, the Court declines to do so.

and its parts and appurtenances . . . are in proper condition and safe to operate without

unnecessary danger of personal injury." 49 U.S.C. §20701. However, whether the improper

fastening of the safety chain constitutes a violation of this provision is a question of fact; it is for

the jury to determine whether the manner in which the chain was fastened created "unnecessary

danger of personal injury." *See Lilly v. Grand Trunk Western R. Co.*, 317 U.S. 481 (U.S. 1943)

(holding that, under predecessor statute, question of whether presence of ice rendered equipment

"unsafe to operate without unnecessary peril to life or limb" was a jury question). Therefore, the

question of whether CSX violated 49 U.S.C. § 20701 cannot be resolved on summary judgment.

Carrico also points to 49 C.F.R. § 229.45 which provides, in relevant part:

> All systems and components on a locomotive shall be free of conditions that
> endanger the safety of the crew, locomotive or train. These conditions include:
> insecure attachment of components, including third rail shoes or beams, traction
> motors and motor gear cases, and fuel tanks.

To the extent that Carrico argues that the improperly fastened safety chain was an "insecure

attachment of components" under the regulation, the Court disagrees. The list of "components"

in the regulation, while non-exclusive, are of an entirely different character than the safety chain

at issue in this case. Therefore, the improperly fastened safety chain constituted a violation of 49

C.F.R. § 299.45 only if it "endanger[ed] the safety of the crew, locomotive or train." Whether it

did so is, again, a question of fact which precludes the entry of summary judgment.

On final note. CSX suggests that it can escape liability under FELA by demonstrating

that Carrico was himself negligent because he used the safety chain rather than the permanent

handrail. It cannot.

> The Act abolished a number of traditional defenses to liability, including the
> fellow-servant rule, contributory negligence, and assumption of risk. Although
> the Act required railroad workers to prove negligence, the Supreme Court relaxed

the standard by holding that the proof needed to get a case to a jury in a FELA case is merely whether employer negligence played any part, even the slightest, in producing the injury.

*See Williams v. National R.R. Passenger Corp.*,161 F.3d 1059, 1061 (7th Cir. 1998) (citations and internal quotation marks omitted).

**Conclusion**

For the reasons set forth above, Carrico's motion for partial summary judgment is **DENIED**.  Counsel are reminded of the pretrial preparation deadlines set forth in the amended case management in this case which require numerous filings beginning two weeks prior to the September 16, 2009, final pretrial conference.

SO ORDERED:   08/12/2009


Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana


Copies to:

Edward F. Brennan
THE BRENNAN LAW FIRM
kelder@peaknet.net

Ryan E. Brennan
THE BRENNAN LAW FIRM
kelder@peaknet.net

John C. Duffey
STUART & BRANIGIN LLP
jcd@stuartlaw.com,msw@stuartlaw.com

Trenten D. Klingerman
STUART & BRANIGIN LLP
tdk@stuartlaw.com,mbk@stuartlaw.com